## Case No. 6,049.

### HARDING v. ALTEMUS.

[1 Wkly. Notes Cas. 12.]

Circuit Court, E. D. Pennsylvania. Oct. 5, 1874.

TAXATION OF COSTS — EXPENSE OF PRINTING AND TRANSLATING TESTIMONY.

[Where the bill is dismissed, defendant is not entitled to add to his bill of costs the expense of printing the testimony in his behalf, or of translating depositions taken in France under letters rogatory.]

Complainant's bill having been dismissed, the defendant added to his bill of costs the expenses of printing the testimony in his behalf, and of translating certain depositions which had been taken in France under letters rogatory, and were in the French language. Upon taxation of costs before the clerk of the court, these items were disallowed by him. Defendant filed exception to this ruling.

Mr. Sheppard, for exceptions.
Mr. Harding, contra.

McKENNAN, Circuit Judge, overruled the exceptions.

HARDING (CALDWELL v.). See Cases Nos. 2,301 and 2,302.

## Case No. 6,050.

### HARDING v. CROSBY.

[17 Blatchf. 348.][1]

Circuit Court, S. D. New York. Dec. 10, 1879.

BANKRUPTCY — SUIT BY ASSIGNEE TO SET ASIDE PREVIOUS ASSIGNMENT—NECESSARY PARTIES.

1. An assignee in bankruptcy brought a suit in equity against the voluntary assignee of the bankrupt, to set aside a conveyance made by the bankrupt, within three months before the filing of the petition in bankruptcy, to the defendant, in trust for the benefit of all the creditors of the assignor, without any preferences: *Held*, that, as the direct effect of the conveyance, if upheld, would be to keep the property away from the operation of the bankruptcy law and from distribution by the courts and officers of the United States, and to give it and its administration to a trustee selected by the debtor, the plaintiff was entitled, under section 5,129 of the Revised Statutes, as amended by the act of June 22, 1874 (18 Stat. 390), to the relief asked.

2. The bankrupt is not a necessary party to such suit.

[This was a bill in equity by William A. Harding against Charles P. Crosby.]

William B. Hornblower, for plaintiff.
Charles P. Crosby, for defendant.

WHEELER, District Judge. This cause has been heard on bill, answer, replication, proofs and argument. The bill is brought by the orator, as assignee in bankruptcy, to set aside a conveyance by the bankrupts of all their property to the defendant, in trust for the benefit of all their creditors, without any preferences, made within three months of the filing of the petition. The answer admits the conveyance but denies that it was made with a view to prevent their property from coming to their assignee in bankruptcy, or to prevent it from being distributed under the bankruptcy laws of the United States, or to hinder their operation. The answer is traversed. The principal question, is, whether such a conveyance is within the provisions of section 5129 of the Revised Statutes of the United States, as amended by the act of June 22d, 1874, (18 Stat. 390). That section does not require that the assignment be fraudulent, to be avoided. If it did this conveyance was out of the usual and ordinary course of business of the bankrupts, which would be prima facie evidence of fraud, according to the provisions of section 5130. It is only necessary that it be made with a view to prevent the property from being distributed under the bankruptcy laws. The insolvency and contemplation of it being admitted, the direct effect of the conveyance, if upheld, would be to keep the property away from the operation of those laws, and from distribution by the courts and officers of the United States, and to give it and its administration to a trustee selected by the debtors. They must be deemed to have intended these direct consequences of their act, and to have committed the act in view of the consequences. These considerations bring this case within the statute. Although, when the bankrupt law of 1867 [14 Stat. 517] first came to be construed, there were some decisions by eminent judges to the contrary of this, they have not been followed, and the current of the decisons has almost, if not quite, uniformly since then been in accordance with this. It would serve no useful purpose to name these cases here.

There is, also, an objection because the bankrupts are not made parties to this bill. It is argued that they are necessary parties to a bill to enforce an assignment in trust, because there may be an excess, after payment of debts, in the hands of the trustee, belonging to the debtor, and that the same is true here, and that they are or may be interested to have the assignment upheld. Here, however, all the property of the bankrupts subject to the exemptions, is vested in the assignee in bankruptcy, and there could not be any excess, after administration of the trust, belonging to the bankrupts personally. Hence, there is no occasion for joining the bankrupts. Let there be a decree setting aside the conveyance, and for delivery of the property, and for an account, according to the prayer of the bill.

HARDING (HASKINS v.). See Case No. 6,-196.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]