### UNITED STATES v. McMAHON.

(Circuit Court of Appeals, Second Circuit. February 13, 1895.)

#### No. 42.

1. UNITED STATES MARSHALS—FEES—SERVING WARRANTS OF COMMITMENT.

A United States marshal is not entitled to a fee of two dollars, under Rev. St. § 829, for serving the warrant of commitment or mittimus, by virtue of which a prisoner, when arrested and after examination, is committed to jail.

2. SAME—DUPLICATE PER DIEMS.

A United States marshal is entitled to separate per diem allowances for separate and distinct services on the same day, for each of which a per diem allowance is authorized by the fee bill. U. S. v. Erwin, 13 Sup. Ct. 443, 147 U. S. 685, and U. S. v. King, 13 Sup. Ct. 439, 147 U. S. 676, followed.

3. SAME—MILEAGE.

A United States marshal is entitled to the full allowance of 10 cents per mile, provided by Rev. St. § 829, for transporting prisoners committed pursuant to Rev. St. § 5541, to a jail outside his district, but within the state in which it lies, and is not limited to actual expenses.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Charles Duane Baker, Asst. U. S. Atty.

Richard R. McMahon, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. Martin T. McMahon was the United States marshal for the Southern district of New York from July 7, 1885, to January 12, 1890, and, at the close of each quarter during said term, rendered his official accounts to the district court of the United States for said district, which were approved. These accounts were presented to the treasury department for allowance and payment, but sundry items thereof were disallowed by the first comptroller, and still remain unpaid. To recover the amount alleged to be due, Gen. McMahon brought a petition against the United States, before the United States circuit court for said district, pursuant to the act of March 3, 1887. The circuit court rendered judgment in favor of the petitioner for $4,843.60, the entire amount which he claimed. From this decision the United States appealed to this court. No objection was taken by the appellee in regard to the manner in which the cause came to this court. Sundry assignments of error were filed, but upon the argument of the cause four questions only were presented by the government, and those only will be considered.

1. The first point relates to the propriety of allowing the marshal for what are called, in the finding of facts, "charges of $2 for serving temporary warrants of commitment, and for committing prisoners (50 cents) disallowed (by the accounting officer) on the ground that the warrants were not necessary, $611.50." The finding does not state by whom the warrants of commitment were issued,— whether by the commissioner, or by the district court, or when they were issued. It is presumed, however, that they were the original warrants of commitment, by virtue of which the prisoners, when arrested, were first committed to jail, because section 1030 of the Revised Statutes provides that "no writ is necessary to bring into court any prisoner or person in custody or for remanding him from the court into custody; but the same shall be done on the order of the court or district attorney for which no fees shall be charged by the clerk or marshal." These oral remanding orders of the district court are not considered to be warrants of commitment, and, if they were, no fees for service upon the prisoner, except a mileage fee for transportation, are allowed, under section 1030. That an original, temporary order of commitment to jail, or mittimus, is important, and in some districts indispensable, has been frequently stated by the district judges. Section 1030 "is applicable where the accused is already in custody by virtue of a warrant from the court. The first warrant of the commissioner is simply to arrest and bring before him, and when it is executed it has spent its force. A commitment to jail becomes necessary, if the prisoner is to be held." Marvin v. U. S., 44 Fed. 405; Ex parte Morrill, 35 Fed. 261; Heyward v. U. S., 37 Fed. 764; Kinney v. U. S., 54 Fed. 313. The amount of fees to which the marshal is

v.65F.no.8—62

entitled, under section 829 of the Revised Statutes, for the delivery of the prisoner to the custody of the jailer by virtue of the mittimus, depends upon the question whether a mittimus is one of the class of warrants for the service of which a fee of two dollars is authorized by the first paragraph of that section, which is as follows: "The service of any warrant * * * or other writ, except execution, venire, or a summons or subpoena for a witness, two dollars for each person on whom service is made." In U. S. v. Tanner, 147 U. S. 662, 13 Sup. Ct. 436, which involved a claim by a marshal for travel fees of six cents per mile in serving warrants of commitment to a penitentiary, the court held that the delivery of the warrant to the warden was not a service of process upon him, within the meaning of the bill, and further, that:

"If a warrant of commitment can be said to be served at all upon any person, it is upon the criminal himself, who is transported by authority of such process, rather than upon the jailer, with whom it is simply deposited; and the fees of the marshal therefor are manifestly covered by the allowance for the travel of himself, his prisoners and guards. Not only does the transportation of a prisoner imply a travel in company with him, but section 829 expressly allows a fee of fifty cents for 'every commitment of a prisoner,' which implies the deposit of a warrant of commitment with the jailer."

The question before the supreme court was one of mileage to serve process, and not of the fee for the service of process; but the conclusion of the court that a mittimus is not a warrant, in the sense in which the term is used in the paragraph relating to service, and that the fees of the marshal are covered by other allowances, is equally applicable to the question now under consideration. The mittimus is the authority by which the marshal is transporting the prisoner, and the special mileage and the commitment fees are the compensation which the legislature apparently intended should be solely applicable for the transportation and the delivery to the jail. It will be further recollected that, while the trial is before the commissioner, the per diem fee of two dollars includes the marshal's services in bringing in, guarding, and returning the prisoner. So much of the item of $611.50 as is represented by commitment fees of 50 cents should be allowed, and the residue is not permitted by the statute.

2. The second item is for attendance of marshal before commissioner, suspended "for name of deputy in each case, and to know what was done by commissioner in each case to constitute a hearing," $198. The only point made by the government is that the question of allowance was suspended for additional information by the accounting officer, and that during such suspension the circuit court can properly take no jurisdiction. U. S. v. Fletcher, 147 U. S. 664, 13 Sup. Ct. 434. The marshal's term of office expired January 12, 1890, and his petition was filed in court on March 25, 1892. The opinion in the Fletcher Case guardedly says that, so long as the claim is pending and awaiting final determination in the department, courts should not be called upon to interfere, at least unless it ignores such claim, or fails to pass upon it within a reasonable time. In addition, the circuit court found that the item

was disallowed. The finding states that the various items which are set forth were suspended or disallowed, "and, notwithstanding the plaintiff's explanations, the same remain disallowed and unpaid." As no attempt was made by the government to attack the validity of this part of the claim, it may be considered as admitted that the accounting officer's construction of the statute had been substantially overruled in U. S. v. Jones, 134 U. S. 483, 10 Sup. Ct. 615.

3. The third disputed item consists of charges for attending examinations before commissioners, in separate and distinct cases, on the same day, "the same being duplicate per diems," $380. The theory of the government is that although there may be separate cases against different persons, accused of different crimes, either before one commissioner or before different commissioners, the marshal is to have but two dollars for the work of the day. This theory of but a single per diem allowance for separate and distinct services on the same day, for each of which services a per diem allowance is authorized by the fee bill, was examined in U. S. v. Erwin, 147 U. S. 685, 13 Sup. Ct. 443, and in U. S. v. King, 147 U. S. 676, 13 Sup. Ct. 439, and was found to be unsound.

4. The fourth class of items in dispute is for the transportation of sentenced prisoners from New York City to the Erie county penitentiary, in the Northern district of New York, at the rate of 10 cents per mile for the marshal and for each prisoner and necessary guard. This class was disallowed by the comptroller upon the ground that, "outside his district, the marshal is entitled to actual expenses only, not to fees." The claim of the government is that the mileage of 10 cents per mile was not payable, by virtue of the following exception in section 829, Rev. St.:

"For transporting criminals convicted of a crime in any district or territory where there is no penitentiary available for the confinement of convicts of the United States, to a prison in another district or territory designated by the attorney general, the reasonable actual expense of transportation of the criminals, the marshal and the guards and the necessary subsistence and hire."

The attorney general had designated no prison in another district or territory in which criminals sentenced by the district court of the Southern district of New York must be confined, but the prisoners were sent by the court to the Erie county penitentiary, by virtue of section 5541, which is as follows:

"In every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the court by which the sentence is passed may order the same to be executed in any state jail or penitentiary within the district or state where such court is held, the use of which jail or penitentiary is allowed by the legislature of the state for that purpose."

It is contended by the government that a marshal is appointed to execute precepts within his district only, and therefore that the fee bill applies only to services within the district, and that for other services he is reimbursed simply for his expenses. The difficulty with this argument is that the premise is untrue. The marshal is appointed to execute whatever business is legally imposed

upon him by statute, which can also regulate his fees for the particular service required. When section 5541 authorized the district court for the Southern district to order the sentences to be executed in any penitentiary within the state of New York, the statute implied that the district court had the power to direct an officer to execute the order, and the only officer whom it could direct was the marshal for its own district. The fee bill expressly authorizes the payment of mileage for the services incident to such transportation, unless the case is within the terms of the exception. This exception refers to cases which arise under section 5546, as amended by the act of July 12, 1876, and which, in substance, authorizes the attorney general, when there is no suitable or available penitentiary within a district, to designate the penitentiaries outside of the district in which criminals sentenced by the courts of the United States shall be confined. The services now in question were performed in the execution of sentences which were ordered under the provisions of section 5541, and not of section 5546. The judgment of the circuit court is reversed, with the costs of this court, and the cause is remanded to that court, with instructions to enter a new judgment, with costs of that court, for the complainant, in conformity with this opinion.