UNITED STATES v. STANTON.

(Circuit Court of Appeals, Second Circuit. December 10, 1895.)

No. 607.

1. UNITED STATES ATTORNEYS—FEES—ATTENDANCE BEFORE COMMISSIONER.

Under the provision giving attorneys a fee of five dollars per day for examination before a judge or commissioner of "persons charged with crime" (Rev. St. § 824), they are not entitled to such fee for days necessarily spent in investigating cases, partly in the office of the United States commissioner, before arrest, and where no formal accusation was in fact made, nor any witnesses sworn and examined before the commissioner. 37 Fed. 252, reversed.

2. SAME—ATTENDANCE BY COUNSEL.

No fee can be allowed for attendance of a United States attorney before a commissioner, where he was not present in person, but by counsel, whom he employed to represent him. He must appear in person, or by some one authorized by statute to appear in his behalf. 37 Fed. 252, reversed.

3. SAME—INTERNAL REVENUE COMPROMISED CASES.

A United States attorney is not entitled to a five-dollar fee for attendance before a commissioner in internal revenue compromised cases in order to discontinue the same pursuant to the order of the commissioner of internal revenue, as the peremptory order of the commissioner is practically a withdrawal of the charge. 37 Fed. 252, reversed.

4. SAME—OFFICE EXPENSES—CLERK HIRE.

He is entitled, out of the fees and emoluments of his office, to the expenses of the ordinary and necessary telegraphic communications in re-

gard to criminal business, and of necessary clerk hire, printing, and stationery. 37 Fed. 252, affirmed.

## In Error to the Circuit Court of the United States for the District of Connecticut.

This is a writ of error to the circuit court for the district of Connecticut. Lewis E. Stanton, United States attorney for said district from January 2, 1885, to April 2, 1888, duly filed his petition under the act of March 3, 1887 (chapter 359), to recover certain items in his accounts as district attorney which had been suspended or disallowed by the accounting officers, or which, although allowed, have not been paid. Issue being joined, the case came on for hearing. Some of the items claimed were allowed by the court, and others disallowed. 37 Fed. 252. No review of any such disallowance was sought by the petitioner, but the United States assigned error, and took out this writ to review so much of the findings and conclusions of the circuit court as allowed anything to the petitioner. Since the decision of the court, however, several of these items have been either withdrawn by the petitioner or paid by the accounting officers. It is only necessary, therefore, to discuss the items still in dispute.

Geo. F. McLean, U. S. Atty., for plaintiff in error.

Lewis E. Stanton, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts). 1. The circuit court allowed three items of five dollars each for attendance before United States commissioner in the cases of Meech and Roath. These persons were defaulting cashiers in two Norwich banks. The days charged for were days necessarily spent in Norwich in the actual examination and investigation of the cases, partly in the office of the commissioner, but before the arrest was made. No sworn testimony of witnesses was taken before the commissioner on the days which were disallowed. The claim is made under section 824 of the United States Revised Statutes, which provides that United States attorneys shall receive "for examination before a judge or commissioner of persons charged with crime five dollars a day for the time necessarily employed." A strictly literal construction of this section would confine the allowances to days when the accused person was himself examined. The section, however, has been discussed in a brief but well-considered opinion of the attorney general, June 7, 1858 (9 Op. Attys. Gen. 170), and the conclusion reached that the words "examination of the person charged" mean "investigation of the case." This interpretation seems to have been uniformly accepted by the treasury department, for allowances are made for attendances before commissioners when sworn testimony is taken, although the person charged with crime is not himself examined. The section does, however, distinctly require that there should be that formal accusation of crime which makes the investigation of the case by examination of witnesses before the commissioner a judicial function of that officer. No such accusation appears to have been made in this case, nor any witnesses sworn and examined before the commissioner. We are unable, therefore, to concur in the opinion of the circuit judge. The item should be disallowed.

2. The next assignment of error is to the allowance of two per diems in the cases of Sparks and Romer. There were hearings before the commissioner in those cases, respectively, on August 12th and August 15th, when the district attorney was absent on vacation. There is no assistant attorney in the district of Connecticut, and petitioner therefore employed counsel to represent him before the commissioner. They attended, and were paid five dollars each. We are of opinion that the allowance of this item was error. No compensation should be allowed for attendance of a United States attorney before a commissioner unless he is present in person, or by some person whom the statutes of the United States authorize to appear in his behalf. The relation between the attorney and the government is personal, and he cannot delegate his functions to other counsel. As this item is not brought within the provisions of section 363, 365, or 366, it should be disallowed.

3. The next assignment of error is to the allowance of $70 for an item improperly described in the original bill of particulars as "14 discontinuances before commissioners at $5." The bill of particulars was amended so as to read, "Fourteen per diems for attendance before commissioners in internal revenue compromised cases in order to discontinue proceedings pursuant to the order of commissioner of internal revenue, $5.00 each,—$70." This claim is made under section 824. The circuit judge finds as to each of these attendances that the service "is a necessary one, requires time, is useful, and is in the interest of economy and efficiency." He does not find, however, that it was concerned with the investigation of the case of a person charged with crime. The peremptory order of the commissioner of internal revenue, which, except in certain cases pending in court, is conclusive, is practically a withdrawal of the charge. Rev. St. U. S. §§ 3229, 3231. The per diems are therefore not covered by section 824, and should be disallowed.

4. The remaining assignments of error are to the allowance of claims, $699 for clerk hire, $38.37 for telegrams, and $64.55 for stationery. These claims are made under section 835, which reads as follows:

"Sec. 835. No district attorney shall be allowed by the attorney general to retain of the fees and emoluments of his office which he is required to include in his semiannual return for his personal compensation, over and above the necessary expenses of his office, including necessary clerk hire, to be audited and allowed by the proper accounting officers of the treasury department, a sum exceeding six thousand dollars a year."

The circuit judge finds that the telegrams, which were produced, were the ordinary and necessary telegraphic communications in regard to criminal business; that the assistance of clerks was important and necessary, and the sum claimed a moderate one (it was approved by the attorney general); and that the printing and stationery were a part of the necessary expenses of the office, the articles mentioned furnished and paid for. Inasmuch as both sides admit that the total fees and emoluments of the United States attorney for the district of Connecticut are less than $6,000 per annum by an

amount greater than these three items, it is unnecessary to discuss any of the special objections raised as to the propriety of these charges. We concur with the circuit judge in the conclusion that they are all "necessary expenses of the office, including necessary clerk hire," and should be paid as such out of the fees and emoluments of the office of the United States attorney, which presumably have all come into the hands of the treasury department. Rev. St. U. S. § 3617. But if it were conceded that such claims for clerk hire and expenses should be disallowed, then an equal sum would stand to the credit of the attorney as fees and emoluments not exceeding $6,000 a year, which the statute gives him as his personal compensation. The section last above quoted uses the word "retain," it being apparently the theory of the original draftsman that the attorney would collect all the fees and emoluments of each fiscal year, and, after deducting the clerk hire and necessary expenses, would retain the whole residue as his personal compensation if it be less than $6,000, and, if it be greater, would transmit to the treasury only the excess above $6,000. In practice, however, all the fees and emoluments go to the treasury, and the attorney draws on the appropriate officers of the treasury department, with proper vouchers, for whatever items he is entitled to. It is suggested in the brief of plaintiff in error that the petitioner should not be paid this clerk hire and these office expenses, "because he has already received them by receiving all the emoluments of his office." There is not in the record sufficient evidence to enable us to determine whether this quotation accurately states the facts. Assuming that the total fees and emoluments for a given year were $4,000, and that in the same year the attorney paid for clerk hire $250, and for necessary office expenses $50, his account would stand as follows:

In treasury to credit of district.................................. $4,000
By drafts for clerk hire....................................... $ 250
"      "      "    office expenses ................................... 50
"      "      "    residue as personal compensation................ 3,700
                                                                        ———— $4,000

If, however, the drafts for clerk hire and expenses were rejected, the attorney would not be paid all he is entitled to, unless there is paid him an additional $300 over and above the amount of his original drafts for personal compensation. Inasmuch as petitioner is still claiming the clerk hire and expenses, it seems improbable that he has ever drawn for the amount of these items as personal compensation. Without definite information on that point, however, we cannot determine whether or not the circuit court erred in allowing him $802.92 for these items.

The decision of the circuit court is reversed; and a new trial ordered; but, since plaintiff in error has prevailed as to some items only, and failed as to others, without costs of this court.