STANTON v. UNITED STATES.

(Circuit Court, D. Connecticut. July 10, 1896.)

No. 607.

1. DISTRICT ATTORNEYS—ALLOWANCE OF EXPENSES—TELEGRAMS.

When the emoluments of the district attorney's office are less than $6,000 per annum, and he has never received from the government the necessary expenses hereinafter mentioned, he is entitled to be reimbursed for the expenses, actually paid by him from his own funds, of the ordinary and necessary telegraphic communications relating to criminal business, which are a part of the necessary expenses of his office.

2. SAME—CLERK HIRE.

He is entitled to be allowed the amount of clerk hire actually paid by him for necessary clerical assistance at a time when an unusual amount of clerical labor was cast upon him by reason of a special effort on the part of the collector of internal revenue to increase the government revenues for the district.

3. SAME—PRINTING AND STATIONERY.

He is entitled to be reimbursed for sums actually paid by him for printing and stationery, constituting part of the necessary expenses of his office.

Lewis E. Stanton, in pro. per.
C. W. Comstock, U. S. Atty.

SHIPMAN, Circuit Judge. In the above-entitled cause, the former judgment having been reversed by the circuit court of appeals for the Second circuit, and a new trial ordered (17 C. C. A. 475, 70 Fed. 890), said cause has been again tried at this, the April term, A. D. 1896, of said court, the petitioner, Lewis E. Stanton, Esq., appearing for himself, and Charles W. Comstock, Esq., United

States district attorney, appearing for the United States, and the following are the findings of fact:

·(1) The amount of the former judgment rendered by this court in favor of the plaintiff was, exclusive of costs, $1,591.82. The items not in dispute were admitted by the defendant, and were not re-examined. From the sum of $1,591.82 this court disallowed and deducted those disputed items which were definitely rejected by the circuit court of appeals, viz.: Three per diems, $15, in cases of Meech, Webb, and Roath, for attendance before a commissioner prior to the day of actual trial; two per diems in cases of Sparks and Roemer, the attorney having been absent from the state, and having paid some other attorney, for the attendance, $10; also fourteen per diems for appearances before a commissioner in order to discontinue proceedings, pursuant to order of the commissioner of internal revenue, $70,—the total amount deducted as stated in this paragraph being $95.

(2) As to certain other items, the circuit court of appeals required fuller and more explicit findings of fact. These items, which are the only ones now in dispute, are as follows: Telegrams for the United States, $38.37; clerk hire, paid by attorney on account of the United States from January 2, 1885, to April 2, 1888, $699; and printing and stationery between same dates, paid by the attorney, $64.55,—in all, $801.92.

(3) The telegrams, copies of which were preserved, and were produced in court, were the ordinary and necessary telegraphic communications in regard to criminal business, were a part of the necessary expense of the office, were necessarily sent in the course of official business, and the amount charged was paid by the petitioner. The rules on the subject of "Telegrams," contained on page 225 of Cousar's Digest of Rules Relating to Compensation, etc., were not in existence until after 1888.

(4) The clerk hire was paid by the attorney on account of the United States. At that time a special effort was being made by the collector of internal revenue to increase the revenues of the government from the district of Connecticut. The attorney was called upon to perform a large amount of clerical work, and the assistance of clerks was important and necessary, and was obtained. The amount paid by the attorney was about $216 per annum, and is a moderate charge, and was approved by the attorney general.

(5) The amount charged by the attorney for printing and stationery was a part of the necessary expenses of the office. The articles therein mentioned were furnished and paid for by the attorney.

(6) All these items were necessary expenses of the office, including necessary clerk hire, and have not been drawn for as personal compensation, and have never been received by the petitioner. Neither has he received them by receiving all or any part of the emoluments of the office. The emolument returns of the attorney for the period during which he held the office have been produced in court. From these returns and other evidence in the case the court now finds that these expenses for telegrams, clerk hire, and

stationery have not been received by the attorney in any form. He paid the bills when they were incurred, from private moneys; and none of the bills have either been allowed or paid to him. The account for telegrams was rejected by the attorney general. The one for clerk hire was approved by the attorney general, but rejected by the first comptroller of the treasury. The one for printing and stationery was rejected by the comptroller.

(7) The attorney in this district ordinarily does not receive moneys of the United States. In the few instances when this attorney received such moneys, he promptly paid them over to the treasury, or to the proper officer, in accordance with section 3617, Rev. St. U. S. The attorney did not "retain" the amounts of these bills from any moneys in his hands, for he had no such moneys from which they could be "retained" by him. He was paid such items as were allowed, and no others, directly from the treasury. A full and complete list of those payments appears in the plaintiff's bill of particulars. None of them cover the amount of these expenses.

(8) In regard to the emoluments of the attorney's office during the period when this attorney held it, the court finds that during the whole time, and at each period of rendering accounts, and during each year of his term of office, the earnings of the attorney were less than $6,000 per annum by an amount far greater than the aggregate of these three items. The entire amount paid to him or credited by him during the 3¼ years appears from the bill of particulars to be $4,374.41. The entire amount charged by him in his bill of particulars is $7,359.29, or about $2,265 per annum. The amount of these three items—$801.92—is therefore allowed.

In accordance with the above findings of fact and with the opinion of the circuit court of appeals the court deducts from the former judgment the sum of $95, and now renders judgment in favor of the plaintiff to recover $1,496.82 debt, together with the costs allowed by statute.