UNITED STATES v. COLMAN.

COLMAN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.  October 5, 1896.)

Nos. 303, 304.

1. DISTRICT ATTORNEYS—PER DIEM ALLOWANCE.
   Rev. St. § 824, authorizing a per diem and mileage allowance for examinations "before a judge or commissioner of persons charged with crime," does not apply to preliminary examinations where no formal accusation has been made and witnesses are not examined.

2. SAME—MILEAGE.
   Mileage may be necessary, and so properly allowed, though charged for attendance upon successive days before the same commissioner.

3. SAME.
   Rev. St. § 824, authorizing a charge of "five dollars a day for the time necessarily employed for examination of persons charged with crime," does not authorize two or more charges for attendance before one commissioner in different cases on the same day.

**4. SAME.**
It is proper to allow a claim for attendance in court on days when the court is open for business, though it is not shown that claimant was in actual attendance.

**5. SAME—EXPENDITURES.**
Claims for money paid out for printing and for stenographer's services are properly disallowed when it is not shown that the expenditures were proper and necessary.

**6. SAME—MILEAGE.**
The district attorney is not entitled to mileage for attending sessions of court on a day following a day on which he was present at an examination before a commissioner at the same place, for which examination he was allowed mileage.

In Error to the Circuit Court of the United States for the Eastern District of Wisconsin.

J. H. M. Wigman, for the United States.

Elihu Colman, per se.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. Elihu Colman brought his petition against the United States, seeking judgment for sums alleged to be due for services rendered by him as United States attorney for the Eastern district of Wisconsin, between February 17, 1890, and April 24, 1892. His demands were allowed in part only, and each party has prosecuted a writ of error. The court, in accordance with the statute (24 Stat. 505), made a special finding of the facts, and stated its conclusions of law.

Items to the amount of $95.60 were allowed for attendance before United States commissioners, "for necessary examinations preliminary to the issuance of warrants, * * * to determine whether or not warrants should issue, and whereupon warrants were afterwards actually issued, duplicate charges for the same day being excluded," and items amounting to $145 for like attendance "for necessary examinations preliminary to the issuance of warrants * * * to determine whether warrants should issue, and upon which warrants were afterwards actually issued, but upon the same days for which allowance has been made in the foregoing third finding, or in former accounts duly allowed." These allowances, it is insisted, are justified by the clauses of section 824 of the Revised Statutes, which authorizes a per diem and mileage for examinations "before a judge or commissioner of persons charged with crime." On the authority of U. S. v. Patterson, 150 U. S. 65, 14 Sup. Ct. 20, and U. S. v. Stanton, 17 C. C. A. 475, 70 Fed. 890, it is contended, on the contrary, that the section does not apply to such preliminary examinations where no formal accusation has been made, and witnesses are not examined. We are constrained to accept the latter view. As is said in the Patterson Case, "the inquiry is never limited to the fact or character of services, but always extends to the statutory authority for compensation"; and while that case had direct reference to the right of a commissioner, under section 847, to compensation "for hearing and deciding on criminal charges," the conclusion of the court was predicated on the proposition, equally applicable to section 824, that "a criminal

charge, strictly speaking, exists only when a formal written complaint has been made against the accused, and a prosecution initiated," or, as it is also expressed, that, "in the eyes of the law, a person is charged with crime only when he is called upon in a legal proceeding to answer such a charge." Accordingly, in the Stanton Case, the court of appeals for the Second circuit held that the section does "distinctly require that there should be that formal accusation of crime which makes the investigation of the case by examination of witnesses before the commissioner a judicial function of that officer." The examinations in question are not found to have been of that character, but seem rather to have been for the purpose of determining whether formal charges should be made.

The third specification of error on behalf of the United States is upon an allowance of $254.60 for attendance upon examinations of parties charged with crime; but objection is made in the brief only to a single item of $12.80, allowed as mileage, which it is alleged was unnecessary. The assignment of error should have specified that item as erroneous, and not the sum total, made up in the main of items which are not questioned. See rule 11 of this court (11 C. C. A. cii., 47 Fed. vi.). Besides, the finding of the court is that the mileage was necessary, and it may have been, though charged for attendance upon successive days before the same commissioner. The decision in U. S. v. Shields, 153 U. S. 88, 14 Sup. Ct. 735, refers to attendance upon continuous sessions of court and is not applicable to attendance before commissioners on two or more days successively, unless, before departure on a given day, the necessity for presence on the next be known.

The court made a per diem allowance of $332.80, including $12.80 for mileage, for attendance upon examinations had on the same day with other examinations before the same commissioner, for which separate per diem allowances had been made, either by the court or in former accounts. This allowance is supported by the opinion of the court of appeals for the Second circuit in U. S. v. McMahon, 13 C. C. A. 257, 65 Fed. 976; but we are not able to concur in the view there taken of the decisions of the supreme court in U. S. v. Erwin, 147 U. S. 685, 13 Sup. Ct. 443, and U. S. v. King, 147 U. S. 676, 13 Sup. Ct. 439. In Erwin's Case it was held that a district attorney may have a per diem for services before a commissioner on the same day that he is allowed a per diem for attendance at court; and in King's Case that a clerk of the circuit court may charge a per diem for his own attendance upon the court at one place, and another per diem for the attendance of his deputy upon the court at another place; but in neither opinion is it said or implied that for attendance before a single commissioner in different cases upon the same day a district attorney may charge a per diem for each case. By the terms of the statute, he may charge "five dollars a day for the time necessarily employed," "for examination of persons charged with crime." If, on the same day, he attends examinations before different commissioners at different places, he may, according to the decisions cited, charge the per diem, and, of course, mileage, for each attendance; but the proposition that there may be two or more such charges for attendance be-

fore one commissioner on one day seems to us without support either in the language of the statute or in the decisions referred to. This item, including the $12.80 for mileage which the finding does not explain, should not have been allowed.

The allowance of $205 for attendance in court on days when the court was open for business, but when it was not shown that the petitioner was in actual attendance, is justified by the decision of the supreme court in U. S. v. Smith, 158 U. S. 346, 352, 15 Sup. Ct. 846.

The sum of $652.80 was allowed as mileage, it being found that the petitioner traveled from his home, in Fond du Lac, to Milwaukee, to attend sittings of the court on days stated, on which there were actual sessions, with the judge in attendance, held on adjournments of the court from days stated over intervening days which were not Sundays. In this instance, again, error is alleged of the entire allowance; but in the brief objection is made to half a dozen only of the 51 items of which it was made up. Besides, the question sought to be raised is one of fact, rather than law.

Among the items of demand not allowed is the sum of $447.75, found to have been "actually paid out for printing indictments, official letter heads, envelopes, and blanks, and for stenographer's service, but without authority therefor from the attorney general"; and $76.80, charged as mileage for attending adjourned sessions of court on days named, not allowed, because it appeared "that he was in actual attendance in each instance upon, and had allowance for the next preceding day in, an examination before a commissioner at the same place where the court was held on the following day," and therefore the travel was not necessary. The ruling of the court in these particulars must stand,—in respect to the first since it is not found, as it was in U. S. v. Stanton, supra, that the expenditures were proper and necessary; and in respect to the last item, because the finding that the travel was not necessary seems clearly right, and in harmony with the decision in U. S. v. Stanton, supra.

It follows that the total allowance of the court was too large by the sum of $573.40; and it is therefore ordered that the judgment entered be set aside, and that a new judgment in favor of the petitioner in the sum of $1,202.40 be entered.