SANBORN, Circuit Judge.
The attorney general of the United States authorized the district attorney for the district of Colorado to employ the defendant in error, Henry L. Denison, who was a stenographer, to take from dictation, and to copy, certain complaints and indictments and á certain opinion of the district judge in some criminal cases which the United States was prosecuting in that district. Denison was accordingly employed, and between April 29, 1891, and July 28, 1891, he rendered services in these cases as a stenographer and copyist, which were worth $165.30. The rendition of these services enabled the district attorney to discharge a grand jury earlier than he otherwise could have done, and saved to the government expenses much greater than the value óf the services. Denison presented his accounts for these services to the judge of the district court for the district of Colorado, and he approved them. The accounting officers of the treasury of the United States refused to audit or pay them. The defendant in error then sued the United States for these services in the court below, under the provisions of the act of March 3, 1887 (21 Stat. 505, c. 359), and recovered a judgment for the amount of his claim. The government has brought this writ of error to reverse that judgment. Its counsel insist that neither the district attorney nor the attorney general had any authority to employ this stenographer on its behalf. They cite U. S. v. Shields, 153 U. S. 88, 91, 11 Sup. Ct. 735, Gibson v. Peters, 150 U. S. 312, 11 Sup. Ct. 131, and Ruhm v. U. S., 66 Fed. 531, and urge that fées allowed to public officers are matters of strict, law, and cannot be paid unless their payment is authorized by the very words of the acts of congress. But the authorities they present and the propositions they maintain do not govern this case. Denison was not a public officer. He did not sue for fees allowed by acts of congress to such an officer, but for compensation for clerical services which he had rendered to the United States at the request of the officers of its department of justice. The acts of congress provide that there shall be an executive department known as the “department of justice” and that the attorney general shall be the head thereof (Rev. St. § 316); that the attorney general shall exercise general superintendence and direction over the attorneys and marshals of all the districts in the United States and the territories as to the manner of discharging their respective duties (section 362), and that he shall exercise general supervisory powers over the accounts of the district attorneys, marshals, clerks, and other officers of the courts of the United States (section 368). The acts making provisions for sundry civil expenses of the government for the fiscal years ending June 30, 1891, and June 30, 1895, contain this provision:
“For payment of such miscellaneous expenses as may be authorized by the attorney general, including the employment of janitors and watchmen in rooms or buildings rented for the use of courts, and of interpreters, experts, and stenographers; of furnishing and collecting evidence where the United States *372 is or may be a party in interest, and moving of records, one hundred and seventy thousand dollars.” 27 Stat. 609, c. 208; 28 Stat. 417, c. 301.
In view of this legislation, the proposition that the attorney general had no authority to employ a stenographer to facilitate the transaction of the public business in the office of a district attorney does not seem to us to merit serious consideration. The supreme court has held that a district attorney can lawfully purchase blank indictments at the expense of the United States, and we have no doubt that the attorney general had ample authority, under the acts of congress to which we have adverted, to authorize him to hire a stenographer to write out indictments or complaints, if blanks failed to fit his cases. U. S. v. Harmon, 147 U. S. 268, 270, 13 Sup. Ct. 327; Harmon v. U. S., 43 Fed. 560; Stanton v. U. S., 75 Fed. 357, 358. The judgment below must be affirmed, and it is so ordered.