MOTION PICTURE PATENTS CO. v. UNIVERSAL FILM MFG. CO. et al.

(District Court, S. D. New York. March 27, 1916.)

1. COSTS ☞182—FEDERAL COURTS—DISBURSEMENTS FOR COPIES OF RECORDS AND DOCUMENTS.

Under Rev. St. § 983 (Comp. St. 1913, § 1624), which provides that "lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party shall be taxed, * * *" such fees are taxable in favor of the prevailing party in all cases, whether at law or in equity or admiralty, where by any provision of statute costs are recoverable, subject to the authority of the court to determine whether the exemplifications or copies were "necessary."

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 714; Dec. Dig. ☞182.]

2. COSTS ☞182—SUITS FOR INFRINGEMENT—TAXABLE COSTS.

In an infringement suit, the cost of a certified copy of the file wrapper and contents of the patent in suit is taxable as costs, but certified copies of other United States patents are not necessary, unless insisted on by opposing counsel, as the printed copies furnished by the Patent Office will be accepted as authentic. Certified copies of the opinions of other courts, or of Patent Office officials, relating to the patent in suit, are not necessary, and the cost thereof will not be taxed, where the opinions are published in the Federal Reporter or in other standard or official publications; but the cost of a certified copy of any judgment, decree, or order will be taxed. The cost of certified copies of foreign patents or translations thereof will be taxed, where "necessarily obtained for use" in the trial of the cause, but only on a certificate of the judge to that effect.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 714; Dec. Dig. ☞182.

For other definitions, see Words and Phrases, First and Second Series, Costs.]

In Equity. Suit by the Motion Picture Patents Company against the Universal Film Manufacturing Company, the Universal Film Ex-

change of New York, Incorporated, and the Prague Amusement Company, Incorporated. On appeal from clerk's taxation of costs. Allowed in part.

Appeal from clerk's taxation of costs. The items in question are as follows:

| | |
|---|---:|
| Cost of certified copy of file wrapper and contents of application of patent in suit | $28 80 |
| Copy of opinion of District Court | 1 00 |
| Copy of decree of District Court | 1 00 |
| Thirteen copies of United States patents | 65 |
| Three copies of French patents; one copy of British patent | 9 50 |
| Certified copy of opinion of District Court for the Eastern District of Pennsylvania, United States v. Motion Picture Patents Company et al. | 9 95 |
| Translations of French patents Nos. 208,617 and 249,875 | 20 00 |
| Certified copy of decision of the examiner in chief of October 17, 1899, Interference No. 18,461 | 6 53 |
| Certified copy of decision of the Acting Commissioner of February 5, 1900, in above interference | 3 32 |
| Certified copy of decision of Court of Appeals of District of Columbia on appeal from above interference | 5 10 |

George F. Scull, of New York City, for plaintiff.
Wetmore & Jenner, of New York City (Oscar W. Jeffery, of New York City, of counsel), for defendants.

MAYER, District Judge. Some of the items above set forth were allowed and others disallowed by the clerk. As counsel suggest that there is some conflict in the decisions affecting the subject-matter, and urge the desirability of a settled practice, all of the items will be considered.

Section 824 of the Revised Statutes (Comp. St. 1913, § 1378) provides, among other things:

"Sec. 824. On a trial before a jury, in civil or criminal causes or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars: Provided, that in cases of admiralty and maritime jurisdiction, where the libelant recovers less than fifty dollars, the docket fee of his proctor shall be but ten dollars."

Section 828 (section 1383) sets forth in detail certain fees to be paid to the clerk, including those required in equity, law, and admiralty.
Section 4920 of the Revised Statutes (section 9466) provides:

"Sec. 4920. In any action for infringement the defendant may plead the general issue, and, having given notice in writing to the plaintiff or his attorney thirty days before, may prove on trial any one or more of the following special matters: * * * And in notices as to proof of previous invention, knowledge, or use of the thing patented, the defendant shall state the names of the patentees and the dates of their patents, and when granted, and the names and residences of the persons alleged to have invented or to have had the prior knowledge of the thing patented, and where and by whom it had been used; and if any one or more of the special matters alleged shall be found for the defendant, judgment shall be rendered for him *with costs*. And the like defenses may be pleaded in any suit in equity for relief against an alleged infringement; and proofs of the same may be given upon like notice in the answer of the defendant, and with the like effect."

[1] Section 983 (section 1624) provides:

"Sec. 983.    The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party.    Such taxed bills shall be filed with the papers in the cause."

A docket fee is unquestionably "costs," and the word "trial" is comprehensive enough to include a final hearing in equity.    Further, "decree" refers to the final determination in equity, as "judgment" does at law.    The result is that section 983 (section 1624), when it refers to "trials in cases where *by law*" costs are recoverable, means that costs are recoverable in all cases where by any provision of statute any costs are recoverable.

[2] Thus the prevailing party is entitled as matter of right to "all lawful fees for exemplifications and copies of papers *necessarily* obtained for use on trials."    "Necessarily" must be limited to mean those exemplifications and copies of papers which are essential to the cause.

1. Cost of certified copy of file wrapper and contents of application of patent in suit.    Allowed.

2. Copy of opinon of District Court.    This is the opinion of the District Court in this case.    Allowed.

3. Copy of decree of District Court in this case.    Allowed.

4. Thirteen copies of United States patents.    Allowed.    My attention has been called to the fact that occasionally counsel insist that certified copies of United States patents shall be obtained.    The court in this district regards the printed copies issued by the Patent Office as satisfactory, and therefore certified copies of United States letters patent will not be construed as being "necessarily obtained for use on trials," unless opposing counsel insists on certified copies—unreasonably, as I think.

5. Three copies of French patents; one copy of British patent.    The French and British patents received in evidence in this case were essential to a determination of the cause.    There are instances, however, where foreign patents are offered in evidence, and under the liberal practice in equity are received, but are not essential to a determination of the cause, and have the effect merely of unnecessarily adding to the volume of the record.    If objection is taken upon the taxation of costs to any foreign patents, the cost of exemplifications or copies will be taxed only if, after application, a certificate or order is made by the trial judge that the exemplifications or copies were, in his opinion, "necessarily obtained for use" on the trial.    If, owing to absence or other reason, the trial judge is not available for such application, then the application will be made to the judge sitting ex parte.

6. Certified copy of opinion of District Court for the Eastern District of Pennsylvania, United States v. Motion Picture Patents Company et al.    There is no necessity for obtaining a certified copy of

any opinion of another District Court, where, as in this case, the opinion was published in the Federal Reporter. The decree in a case, and not the opinion, is evidence. The opinion is, in effect, argument, although at times extremely important, in order to assist in the interpretation of a decree in another jurisdiction, or to assist the trial court in arriving at its own determination. Where the opinion of a court is published in the United States Supreme Court Reports, or Advance Sheets, or in the Federal Reporter, as the case may be, or the opinion of a state court is published in any official report or standard publication, a certified copy will not be taxed. Where the opinion in another jurisdiction is not reported, and objection is taken to taxing the cost of a copy thereof, then a certificate or order must be obtained from the trial judge, or the judge sitting ex parte, as the case may be, that the opinion was "necessarily obtained for use" on the trial, and the clerk may then tax the cost of a certified copy.

7. Translations of French patents Nos. 208,617 and 249,875. At my request Mr. Scull and Mr. Jeffery made inquiries to ascertain the fair and reasonable charge current for translations in French, German, Spanish, Italian, and Swedish. I also instructed the clerk's office to make the same inquiry, and from the information received I conclude that 50 cents per 100 words is a fair and reasonable charge taxable for such translations.

8. Certified copy of decision of the examiner in chief of October 17, 1899, Interference No. 18,461. Allowed.

9. Certified copy of decision of the Acting Commissioner of February 5, 1900, in above interference. Allowed. In this connection, however, costs will not be taxed, where all the subject-matter sought to be introduced is published in the Official Gazette of the Patent Office.

10. Certified copy of decision of Court of Appeals of District of Columbia on appeal from above interference. The expense of an opinion of the Court of Appeals of the District of Columbia will fall within the rule stated in connection with item 6 supra. The expense of a certified copy of any judgment, decree, or order will be taxed.

It will be noted that I have passed solely upon the questions presented on this taxation. The court will pass on other questions only as they may come up upon the taxation of costs from time to time.

In order to assure uniformity, this memorandum has been submitted to my associates, Judges HOUGH, LEARNED HAND, and AUGUSTUS N. HAND, and I am authorized to say that they concur in the conclusions here stated.