## THE DANIEL KERN.

District Court, W. D. Washington, N. D.
September 8, 1928.

No. 3824.

Daniel B. Trefethen, of Seattle, Wash., for libelant.

Winter S. Martin and Arthur Collett, Jr., both of Seattle, Wash., for respondent.

NETERER, District Judge. After trial on the merits, libel was dismissed. 27 F. (2d) 920. In the cost bill respondent claims $468.60 for carbon copy of the evidence, $161.60 for abstract of evidence for use on argument, $17.75 for typing respondent's brief, and $35 for 14 depositions, being $2.50 for each 8 depositions for claimant and 6 depositions for libelant. Objection was duly made. All of the items were disallowed by the clerk. Review is sought.

■■ Only costs fixed by statute or court rule, or custom equivalent to rule, or order of court in a specific case, are taxable (Parkerson v. Borst [C. C. A.] 256 F. 827), and a losing party may not be charged with other expenses (Leary v. United States [C. C. A.] 257 F. 246). So far as here related, section 572, 28 USCA, which provides for proctor's fee, $2.50 for each deposition taken and admitted in evidence, and section 830, 28 USCA, which provides for clerk, marshal, witnesses' fees, and necessary exemplified copies of papers, control. The stenographic carbon copy of libelant's testimony and abstract of evidence are not within the statute, nor any order or rule of court, and not a necessary expenditure. This was simply for proctor's convenience. The William Branfoot (C. C. A.) 52 F. 390; United States v. Colman (C. C. A.) 76 F. 214; Motion Pictures, etc., Co. v. Universal Film Mfg. Co. (D. C.) 232 F. 263; Pine River Logging Co. v. United States, 186 U. S. 279, 22 S. Ct. 920, 46 L. Ed. 1164. See, also, Gird v. California Oil Co. (C. C.) 60 F. 1011; Spaulding v. Tucker, 22 Fed. Cas. 899, No. 13,221; Harding v. Altemus, 11 Fed. Cas. 490, No. 6,049.

The proctor's fee for taking depositions is properly chargeable. The costs are therefore retaxed, to include the $35 attorney's fees.