Mr. Justice BRADLEY
 

 delivered the opinion of the court.
 

 However useful and proper such a rule as that complained of by the appellant may have been prior to the enactmeut of the law passed June 25th, 1868,
 
 *
 
 which requires the Attorney-General to obtain from the proper department, and the department to furnish, such facts, circumstances, and evidence as it might be in possession of in relation to any claim prosecuted in the Court of Claims, we are of opinion that it was not competent for the Court of Claims to impose it as a condition of presenting a claim in that court. Instead of being a rule of practice, it was really an additional restriction to the exercise of jurisdiction by that court. It required the claimant to do what the acts giving the court jurisdiction did not require him to do before it would assume jurisdiction of his case.
 

 The act of 1855, which created the court, declares that it shall “ hear and determine all claims founded upon any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the government of the United States, which may be suggested to it by a petition filed therein.” The rule adopted by the court required that the claimant should not only have such a claim as stated in the act, but should have first gone through the department which might have entertained it, before he would be permitted to prosecute in that court. This was establishing a jurisdictional requirement which Congress alone had the power to establish.
 

 This judgment of dismissal is therefore reversed, and the record remitted With directions to proceed to a hearing on the second count.
 

 *
 

 15 Stat. at Large, 76.