By the Court.—Sedgwick, Ch. J.
The action was to recover the value of certain property, alleged to have been received by defendants’ testator, in violation of section 35 of the United States Bankruptcy Act, as it was before the amendment of the section in 1874.
My judgment is that the plaintiff had given sufficient evidence to take the case to the jury, as to the insolvency of the bankrupt, at the time of the alleged preference, and also as to whether the testator of defendant had reasonable cause to believe that insolvency existed.
Although a firm is insolvent, it does not, in my opinion, necessarily follow^ that every transfer of its property to pay a creditor, is a preference. It may be that there is property enough left to pay all remaining; creditors in money, as much value as was obtained in goods by the creditor alleged to have been preferred. If the transferred property were the whole of the-insolvent’s property, or a considerable portion of it. (Wager v. Hall, 16 Wall. 602), or a large portion of it (Toof v. Martin, 13 Wall. 38), there may arise a presumption that there was a preference which calls for explanation, but the burden of proof is upon the-plaintiff to show that there was a view to a preference,, and that the transferee had reasonable cause to believe that there was a preference. To create the presumption referred to, it will be necessary to show what part or proportion of the whole stock was transferred. I am in doubt as to whether plaintiff gave enough proof, as to the fact of the transfer of the jewelry being a preference. The complaint, however, was not dismissed on this ground, but only on the ground of the insolv *212 ency, and of the belief of defendant’s testator as to it, and it is not necessary to decide as to the preference.
The judgment should be reversed and new trial ordered, with costs of appeal to appellant to abide the event. .
Freedman and Truax, JJ., concurred.