RichardsoN, Oh. J.,
delivered the opinion of the court:
An important question of practice arises upon the following finding of the court:
IY. The claimant’s accounts were presented to the Treasury Department, and October 29,1892, items 4,13,14,15, 21, and *341 22 were suspended by the Comptroller for explanation; After this action was brought, the claimant furnished some explanations, and from time to time requested action without success. In reply to a communication from the claimant’s attorneys, the Comptroller addressed to them the following letter:
“Treasury Department,
“Office of Comptroller of the Treasury,
“ Washington, D. G., February 4,1895.
“Messrs. Dudley & Michener,
“Attorneys at Laiv, Pacific Building, City.
“Sirs: Your note of the 23d ultimo, with the explanations filed by Brewster Cameron, esq., late clerk U. S. court at Tucson, Arizona, has attention. Replying thereto, you are advised that it does not appear from the statements of differences on file with the vouchers in Mr. Cameron’s accounts, referred to in your letter and the explanation, that any action was ever taken by Comptroller Matthews on these suspensions. In fact, it would seem that had proper explanation been made many of the suspended items could have been allowed, but since the matter is now pending in the Court of Claims, no action will be taken by me in the matter, unless the suit now pending-should first be dismissed.
“Respectfully, yours,
“ R. B. Bowler,
Comptroller.”
The learned counsel for the defendants insists that as to the items mentioned in this finding the petition should be dismissed, on the authority of United States v. Fletcher (147 U. S. R., 665, 667).
In that case Mr. Justice Brown, speaking for the court, said:
“In delivering the opinion of the court, Mr. Justice Miller remarked: ‘We understand the court to have decided (in Clyde v. United States) in substance that the action of the auditing department, either in allowing or rejecting such a claim, was not an essential prerequisite to the jurisdiction of the Court of Claims to hear it.’ But if such claims are presented to the Department for allowance, and the Department, in the exercise of its discretion, suspends action upon them until proper vouchers are furnished or other reason able requirements are complied with, the courts should not assume jurisdiction until final action is taken. So long as the claim is pending, and awaiting final determination in the Departments, courts should not be called upon to interfere, at least, unless it ignores such claim or fails to pass upon it within a reasonable time.”
*342 We do not take tbe view of that case as urged on tbe part of tbe defendants. Tbe Supreme Court appears not to bave overruled tbe familiar case of Clyde v. The United States (13 Wall., 38), in'wbicb it was beld that tbe jurisdiction of tbe Court of Claims does not depend upon tbe previous presentation of claims to tbe Departments, but only to bave laid down a new rule of action by this court in cases pending in tbe Departments which bave there been suspended until proper voucbers are furnished or other reasonable requirements are complied with. Tbe language is:
“So long as tbe claim is pending and. awaiting final determination in tbe Department, courts should not be called upon to interfere, at least, unless it ignores such claim or fails to pass upon it within a reasonable time.”
The letter of tbe Comptroller of February 4,1895, shows that be does not intend to take further action unless this case is first dismissed. It would be unreasonable to dismiss tbe suit of a claimant or to require Mm to discontinue it on account of such action or nonaction by a Department. If it were otherwise, a Department might bold a claim undecided until tbe six years allowed for bringing actions in this court bad expired, and thus deprive a claimant of bis remedy at law if bis claim should be finally rejected. We do not think tbe Supreme Court intended any such result.
In our opinion, tbe true construction of tbe meaning of tbe Supreme Court in tbe Clyde and Fletcher Cases, considered together, is that the jurisdiction of tbe Court of Claims extends to all claims whether presented to tbe Departments or not, but if presented there before suit brought and suspended for the production of voucbers or compliance with other requirements, this court should not proceed to adjudicate any claim so suspended unless tbe Department ignores it or fails to pass upon it within a reasonable time. This, we think, tbe Department has done in tbe present case, and it would be a good cause for continuance if there were any prospect of tbe Comptroller acting thereon, but not for dismissal. In view of bis letter of February, 1895, there is no such prospect, and we bave therefore passed upon tbe suspended items.