### UNITED STATES v. FITCH.

(Circuit Court of Appeals, Sixth Circuit. June 4, 1895.)

No. 254.

1. CLERKS OF COURT—SUITS FOR FEES—AUDITING CLAIMS.

It is not a defense to an action by the clerk of a federal court against the government, to recover his fees, that his claim has not been audited by the officials of the executive department, nor that it has been disallowed by such officials.

2. SAME—FEES—ISSUING COMMISSIONS.

The clerk of the circuit court is entitled to a fee of one dollar for issuing each commission to a supervisor of election, appointed pursuant to Rev. St. §§ 2011, 2012.

Appeal from the District Court of the United States for the Southern Division of the Western District of Michigan.

This was an action by Charles L. Fitch, clerk of the United States circuit court, against the United States, to recover fees. Plaintiff recovered judgment in the district court. Defendant appeals. Affirmed.

There was a finding of facts in the court below, upon the case as made there, which it is unnecessary to restate in full, because the assignment of errors is confined to three items of the clerk's account involved in the controversy; and as to one of these the error is confessed on the authority of the subsequent case of U. S. v. King, 147 U. S. 677, 13 Sup. Ct. 439. The first relates to the amount claimed to be due to the appellee, as clerk of the court, for entering orders opening and adjourning court during the period between the 1st day of February, 1887, when he entered upon the duties of that office, and the 31st day of December, 1889, inclusive. During that period, as matter of fact, the clerk entered 378 orders opening court, and 378 orders adjourning court, each order consisting of one "folio," under the definition thereof given in the Revised Statutes; but, having omitted by inadvertence to make any charge therefor in preparing his semiannual accounts during that time, the auditing officers of the treasury department did not pass upon these items in settling the accounts, nor had he at any time received compensation in whole or in part therefor. The whole amount claimed for the entry of such orders during the period above stated is $113.40. When this matter was first laid before the court below, no statement of account covering these charges having been presented in any form to the proper auditing officers for their action thereon, the court, for that reason, declined to pass upon the question until there had been some action by the treasury department. Acting upon this suggestion, the clerk made up a special statement of account covering these charges, and no other, and transmitted it to the first auditor of the treasury, with his regular account for the half year ending December 31, 1890. The whole of the special account was disallowed solely upon the ground that the charges therein contained had not been included in the regular semiannual accounts of the clerk. The second of the disallowed charges relates to the claim of the clerk for fees for issuing commissions to supervisors of election, charged at the rate of one dollar for each commission. In the month of October, 1888, the circuit court for the district was regularly

opened, under the provision of title 26 of the Revised Statutes, and such proceedings were thereupon and thereafter had therein that, before the general election held in that year, the court duly appointed and commissioned 120 supervisors of elections for various voting precincts, wards, and townships in the two divisions of said judicial districts. These appointments were made from time to time, and the petitioner, as clerk of the circuit court, acting under the directions of the district judge, who had been sufficiently authorized to act in the premises by the circuit judge, filled out with his own hand a commission for each of the said supervisors of election, and placed the same before the district judge, who authenticated them by his official signature. Thereafter the clerk affixed to each commission the seal of circuit court, and thereupon delivered them to the person whose appointment was thereby attested, such delivery being made either personally or by mail. In making up his regular semiannual account for the half year ending December 31, 1888, the clerk charged the sum of $1 for issuing and affixing the court seal to each of said commissions, the whole charge therefor amounting to the sum of $120. He was in due course allowed and paid the sum of 20 cents for affixing the seal to each of the commissions, amounting in the aggregate to $24; but the remaining $96 of the sum so charged therefor was disallowed, and has never been paid.

John Power, U. S. Atty., and R. L. Newnham, Asst. U. S. Atty.
Charles L. Fitch, in pro. per.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, District Judge.

HAMMOND, J. (after stating the facts). The judgment of the court below in favor of the clerk for $113.40, referred to in the first of these items, must be affirmed. A clerk is entitled, under the statute, to a fee "for entering any return, rule, order, continuance, judgment, decree or recognizance, or drawing any bond, or making any record, certificate, return or report, for each folio, fifteen cents." Rev. St. § 828. And it is further provided that "the term 'folio' in this chapter shall mean one hundred words, counting each figure as a word. When there are over fifty and under one hundred words they shall be counted as one folio; but a less number than fifty words shall not be counted, except when the whole statute, notice or order contains less than fifty words." Rev. St. § 854.

No question is made by the appellant as to the rendition of the services, nor as to the legality of the charges in the account, except that the liability of the government to pay the amount due the clerk is denied, because these items have never been audited by the proper officials in the executive department at Washington. This suit was instituted under the act of congress of March 3, 1887 (24 Stat. 505, c. 359), providing for the bringing of suits against the United States in the circuit and district courts, as well as in the court of claims. There is nothing in the act which requires that a claim shall be audited at the treasury department or anywhere before the suit is brought.

In Clyde v. U. S., 13 Wall. 38, which was a suit begun in the court of claims, the action was dismissed because, under a rule of that court, the claimant had not applied to the proper executive department for an auditing and allowance of his claim before bringing suit. In reversing this action of the court of claims, Mr. Justice Bradley says:

"Instead of being a rule of practice, it was really an additional restriction of the exercise of jurisdiction by that court. It required the claimant to do what the act giving the courts jurisdiction did not require him to do, before it would assume jurisdiction of his case."

In U. S. v. Knox, 128 U. S. 230, 9 Sup. Ct. 63, the claimant presented his account to the court, as required by the act of February 22, 1875 (18 Stat. 333); and the court refused to act upon the claim because it had not been presented to the treasury department to be audited. In answer to this objection by the government, the supreme court, citing Clyde v. U. S., supra, approved it, and declared that:

"The presentation, therefore, of the present case to the officers of the government charged with the auditing of such accounts in the treasury department, was not necessary to give the court of claims jurisdiction."

And these cases have been subsequently approved by the supreme court in U. S. v. Ewing, 140 U. S. 142–144, 11 Sup. Ct. 743, and U. S. v. Fletcher, 147 U. S. 664–668, 13 Sup. Ct. 434. In the last case, however, it was held that:

"So long as the claim is pending and awaiting final determination in the department, the court should not be called upon to interfere, at least not until it ignores such claim or fails to pass upon it within a reasonable time."

In this case the court below did not interfere until the appellee's claim was disallowed at the treasury department. Indeed, action was suspended pending the determination of the department, which shows that due regard was paid to this suggestion of the proper judicial action under such circumstances. Whatever may be thought of the propriety of the action of the auditing officers in disallowing this just claim of the clerk, because he had not proffered it for action in the auditing office at the proper time, according to their rules of procedure, it cannot be claimed that this disallowance is conclusive of the clerk's right to the money. Excluded, as he may be, through this disciplinary process, he clearly has the right to resort to the courts for a recovery of the sum due him, inasmuch as this auditing process is not a prerequisite to his right to the money nor a prerequisite to the jurisdiction, and therefore the disallowance can in no sense be said to be a defense to his action against the government.

Next, as to the amount claimed by the clerk for issuing the commissions to the supervisors of election: This amount was also properly allowed in the judgment of the court below. By section 828 of the Revised Statutes it is enacted that a clerk may receive "for issuing and entering every process, commission, summons, capias, execution, warrant, attachment or other writ except a writ of venire or a summons or subpoena for a witness, one dollar." It is required by the statute requiring the appointment of election supervisors that "the judge * * * shall open the circuit court at the most convenient place in the circuit." Rev. St. § 2011. And "the court when so opened by the judge shall proceed to appoint and commission from day to day and from time to time and under the hand of the judge and under the seal of the court, * * * and renew such appointment from time to time, to citizens, * * * who shall be

known and designated as supervisors of election." Id. § 2012. And, further, "the circuit court when opened by the judge as required in the two preceding sections, shall therefrom and thereafter and up to and including the day following the day of election, be always open for the transaction of business under this title." Id. § 2013. Here these provisions of the statute were strictly followed, the supervisors being appointed by the judge who signed the commissions which had been prepared for his signature by the clerk, and were sealed by him, and properly issued and delivered to the supervisors. If any service performed by the clerk of a court in a matter within its jurisdiction was necessary and proper to be done by him, that which he did in this matter of the supervisors' commissions was certainly entirely within the scope of his duties; and there is and can be no reason whatever, except a special prohibition in the statute to the contrary, which should preclude his right to the fees allowed under the statute we have quoted. Clough *v.* U. S., 55 Fed. 921.

The judgment of the court below is affirmed, except as to the item relating to the clerk's charge for his service as jury commissioner, as to which error is confessed by the appellee.