### UNITED STATES v. CASH et al.

(Circuit Court of Appeals, Fifth Circuit. October 17, 1923.)

No. 4103.

1. **Limitation of actions** ⚖47(3)—**Limitation of suit against sureties runs from audit and settlement of postmaster's account; "close of such account."**

Under Rev. St. § 3838 (Comp. St. § 7197), providing that, "if on the settlement of the account of any postmaster it shall appear that he is indebted to the United States," suit against his sureties may only be instituted "within three years after the close of such account," the limitation runs from the time the postmaster's account is "closed" by audit and settlement.

2. **Limitation of actions** ⚖47(3)—**"Settlement" defined.**

The words "settlement," in connection with public transactions and accounts, is used to describe administrative determination of the amount due.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Settle—Settlement.]

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

---

Action at law by the United States against Leonard F. Maxwell, principal, and E. V. Cash and C. R. Brown, sureties. From a judgment sustaining a demurrer by the sureties, plaintiff brings error. Reversed.

For opinion below, see 286 Fed. 740.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga.

Hamilton Kimzey, of Cornelia, Ga., for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action commenced in July, 1922, against the principal and sureties on a postmaster's bond dated March 30, 1917. The petition contained averments to the following effect: The principal entered upon the discharge of his duties as postmaster, and was and continued to be such postmaster until the 15th day of August, 1918. He made default on that date. His accounts with the Post Office Department were finally audited, settled, and adjusted in the general accounting office of the Treasury Department on March 11, 1922, in compliance with section 305 of chapter 18 of the Acts of the Sixty-Seventh Congress, approved June 10, 1921 (42 Stat. 24), providing for a national budget system and independent audit of government accounts. The statements of said accounts so audited, settled, and adjusted were attached to the petition and made a part thereof. Demand and refusal to pay were alleged.

[1, 2] The petition contained no allegation as to the checking of the principal's accounts and the discovery of the default, other than as above recited. The court ruled that the suit was barred as to the sureties by R. S. § 3838 (Comp. St. § 7197). The just referred to statute reads as follows: .

"If on the settlement of the account of any postmaster it shall appear that he is indebted to the United States, and suit therefor shall not be instituted within three years after the close of such account, the sureties on his bond shall not be liable for such indebtedness."

The quoted statute is to be construed in the light of the fact that the statute which it superseded prescribed in favor of the sureties on such a bond a limitation of two years from the date of the principal's default. 4 Stat. 102. It is not without significance that in changing the law the limitation in favor of the sureties was made to run from "the close" of the principal's account, instead of, as formerly, from his default.

"The word 'settlement,' in connection with public transactions and accounts, has been used from the beginning to describe administrative determination of the amount due." Illinois Surety Co. v. Peeler, 240 U. S. 214, 219, 36 Sup. Ct. 321, 323 (60 L. Ed. 609).

We think that the language of section 3838 shows that the words "the close of such account" referred to the administrative determination of the amount due, described by the word "settlement," used in the preceding part of the section. Evidently it was not contemplated that the account was to be regarded as closed prior to the audit and set-

tlement of it. The close of the account was effected, not by the default, or by the principal ceasing to be postmaster, but by the audit and settlement.

The result would be the same, whether R. S. § 3838, was or was not repealed and superseded by the later statute providing as follows:

"If, upon the statement of the account of any official of the United States, or of any officer disbursing or chargeable with public money, by the accounting officers of the treasury, it shall thereby appear that he is indebted to the United States, and suit therefor shall not be instituted within five years after such statement of said account, the sureties on his bond shall not be liable for such indebtedness." Act Aug. 8, 1888, c. 787, § 2, 25 Stat. 387 (Comp. St. § 3292).

Whether the earlier or the later statute was applicable, the suit in this case was brought before the prescribed period of limitation had expired. It follows that the above-mentioned ruling was erroneous. Because of that error the judgment is reversed, and the cause is remanded for another trial.

Reversed.