## UNITED STATES v. GEISE et al.
### No. 252.

Circuit Court of Appeals, Second Circuit.
March 7, 1932.

George Z. Medalie, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

House, Holthusen & McCloskey, of New York City (George V. A. McCloskey, Henry F. Holthusen, and Victor House, all of New York City, of counsel), for appellee American Surety Co. of New York.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

A verdict was directed below for the appellant in the sum of $665.09, with interest, in an action against the appellee for defalcations of John J. Geise, an officer of the United States Army. Appellant in its complaint claimed $5,347.85. It appeals because recovery was limited to the lesser sum for the reason that the court below found the suit was not started within five years after

the statement of account was rendered to the surety. Act Aug. 8, 1888, c. 787, § 2, 25 Stat. 387 (U. S. Code, § 5, title 6 [6 USCA § 5]). Geise entered the army service November 7, 1917, giving a bond of the appellee as surety, for the faithful performance of his duties. He was discharged from service on December 20, 1920. On January 12, 1920, the appellee was notified of a shortage of $744.63 in Geise's accounts. This action is based on the certificate of settlement of the General Accounting Office, dated October 5, 1925, charging the principal with defalcations in the sum of $5,347.85 and purporting to supersede an earlier certificate, dated August 4, 1920. On August 4, 1920, a settlement of accounts was made on a certificate of the Treasury Department, Office of the Auditor for the War Department, and showed $4,682.76 as due. This action was commenced in December, 1926, more than five years after the statement of August 4, 1920. The court below held that the action was barred by section 2, c. 787, Act of August 8, 1888, 25 Stat. 387, which provides: "That if, upon the statement of the account of any official of the United States, or of any officer disbursing or chargeable with public money, by the accounting officers of the Treasury, it shall thereby appear that he is indebted to the United States, and suit therefor shall not be instituted within five years after such statement of said account, the sureties on his bond shall not be liable for such indebtedness."

▓ The condition of the bond was that Geise should carefully discharge the duties to which he was assigned, faithfully expend all public money, and honestly account for the same and for all public property which should or might come into his hands without fraud or delay. U. S. v. Thomas, 15 Wall. (82 U. S.) 337, 21 L. Ed. 89. Therefore the bond is not based upon a prior debt, nor is it evidence of a debt, and the duty secured thereby does not become a debt until default be made on the part of the principal.

▓ The act of Congress referred to was intended as a safeguard to sureties on such bonds and to prevent inequity resulting from belated claims on the part of the government. Where a claim is not promptly made or pressed, the surety may lose opportunities for investigation or for ascertaining facts which might aid it in its defense to any proceeding brought against it. A limitation of time in which to sue on the bond is a safeguard against the death, disappearance,

or impairment of memory of witnesses or the loss of documents. Harvey v. United States, 97 F. 452 (C. C. A. 9). The act makes no distinction between a partial or complete, temporary or final, statement of a shortage. It speaks of a statement of account only, and would seem to intend that, in so far as the surety is concerned, the statement when rendered is final as to the surety and starts the period of limitation running. See Report No. 1961, 50th Congress, First Session; 22 Op. Attys. Gen., 611; U. S. v. U. S. Fidelity & Guaranty Co. (D. C.) 25 F.(2d) 500, 502. To otherwise construe the statute would place sureties at the mercy of accounting officers of the government and make them responsible for inaction on the part of such officers; it would be in direct conflict with the purpose of the act, which requires reasonable diligence in the presentation of claims.

On January 12, 1920, the Director of Finance, War Department, wrote the surety to give it notice in compliance with the requirements of chapter 787, Act of Congress, August 8, 1888 (section 1 [6 USCA § 4]), that a board of officers had found a shortage in the accounts of the principal in the sum of $744.63, and demanded payment. The Director of Finance had administrative supervision over the disbursing officers. He made an examination of the money accounts, certified the balances found due on property accounts, and reported the shortage. Act March 29, 1894, c. 49 (28 Stat. 47 [31 USCA §§ 89–92]). With reference to such shortages, he prepared the account for submission to the accounting officers of the Treasury. The Auditor for the War Department was charged with the duty of examination and settlement of money accounts and also property accounts. His duty is prescribed by the Act of July 31, 1894, c. 174, § 7 (28 Stat. 206 [31 USCA § 72, note]). The General Accounting Office was first organized July 1, 1921 (Act of June 10, 1921, c. 18, § 301, 42 Stat. 23 [31 USCA § 41]). When so created, it was placed under the control and direction of the Comptroller General of the United States. Geise's default occurred one year prior to the time of the establishment of the General Accounting Office. Four years after its organization, the General Accounting Office issued the statement showing that he had been intrusted with property valued at $4,682.76 and had defaulted, as shown by the settlement dated August 4, 1920.

The court properly directed a verdict for the amount of $665.09, for this item was not found to be due, nor was it on the certificate of settlement of August 4, 1920. The claim of $4,682.76 was correctly disallowed.

The appellant refers to Moses v. United States, 166 U. S. 571, 17 S. Ct. 682, 41 L. Ed. 1119, but the cause of action there arose prior to the act of Congress here considered. In that case, a disbursing officer submitted fraudulent and forged vouchers which were accepted as genuine and upon which certificates of settlement were made. His bond was dated March, 1878, his resignation was accepted December, 1880, and he received a final payment as for a balance due April 27, 1881. Upon a restatement of accounts, it appeared that he was a defaulter. An action was commenced against him August 24, 1881, and resulted in a judgment in the government's favor. Partial satisfaction of the judgment was made, and thereafter, in September, 1884, the government instituted a suit on the surety bond. The case was decided without reference to the statute here considered. It was said in that case that there was power in the government to restate an account between the government and the officer by disallowing credits given him upon false and forged vouchers. In United States v. Pinson, 102 U. S. 548, 26 L. Ed. 226, and United States v. Fletcher, 147 U. S. 664, 13 S. Ct. 434, 37 L. Ed. 322, the statute here in issue was not brought into question.

The government contends that by section 3624 of the Revised Statutes (now section 505, title 31, U. S. Code [31 USCA § 505]) interest at the rate of 6 per cent per annum from the time of receiving the money until it is repaid into the Treasury should be added to the judgment; that is, from December 20, 1920, instead of from October 5, 1925. Geise was discharged from the service on December 20, 1920. The date on which he received the money for which he is in default is not shown. The statute provides "interest of 6 per centum per annum, from the time of receiving the money until it shall be repaid into the Treasury" in the event of defalcation. The complaint served in the action demanded interest from October 5, 1925. There was no proof offered or received to indicate the time when moneys were received by Geise. In the absence of proof required to grant interest as the statute provides, there may be no recovery therefor. The appellant may not recover interest.

Judgment affirmed.