## UNITED STATES v. BRYANT et al.

### No. 148.

District Court, E. D. Kentucky.

Nov. 18, 1941.

1010

John T. Metcalf, U. S. Dist. Atty., and Ben L. Kessinger, Asst. Dist. Atty., both of Lexington, Ky., for plaintiff.

Grover C. Thompson, of Lexington, Ky., for National Surety Corporation.

FORD, District Judge.

This cause being submitted to the Court and the Court being advised makes Findings of Fact and Conclusions of Law as follows, to-wit:

Findings of Fact.

1. On November 12, 1928, the defendant Laura S. Bryant qualified as postmaster at Unsona, McCreary County, Kentucky, and on the same date she, as principal, with the National Surety Company of New York, as her surety, executed and delivered to the United States of America an official bond in the sum of one thousand dollars ($1,000) for the faithful discharge of all the duties imposed by law upon her as postmaster. The bond was accepted and approved by the Postmaster General of the United States and is in full force and effect.

2. The defendant National Surety Corporation thereafter assumed all liability of National Surety Company of New York, as surety on the bond.

3. The defendant Laura S. Bryant entered upon the discharge of her duties as postmaster on or about November 12, 1928, and continued to serve in that position until June 15, 1936, when the office was discontinued.

4. On November 29, 1935, the Postmaster General, having been satisfied from an inspection of the office made by a duly authorized Postal Inspector that the defendant as such postmaster had made false returns of business, pursuant to the authority conferred by 48 Statutes 989, 39 U.S. C.A. § 45, entered an order withholding her commissions and directing a re-adjustment of her accounts accordingly.

5. On September 30, 1936, pursuant to the re-adjustment order of the Postmaster General, R. N. Elliott, Acting Comptroller General of the United States, made and executed a certificate disclosing that the quarterly account of the former postmaster Mrs. Laura S. Bryant had been audited by the Postal Division of the General Accounting Office to June 15, 1936, disclosing a balance due the United States of $183.69, subject only to adjustment for any further difference which might thereafter be disclosed when all money orders issued by her had been received and verified.

6. On September 30, 1936, the certificate of audit of the postal accounts of the defendant to June 15, 1936, was duly transmitted to the defendant National Surety Corporation and demand was made for payment of the balance of $183.69.

7. On January 27, 1937, the lists of money orders issued by the defendant during her last quarter in office were verified and cleared by the General Accounting Office.

8. On March 16, 1937, the Postal Division of the General Accounting Office executed and delivered to the defendant National Surety Corporation a statement as follows:

"General Accounting Office
"Washington
"March 16, 1937

"Post Office Department Division
"In Reply please quote P–LS

"National Surety Corporation,
"Woodward Building,
"Washington, D. C.

"Gentlemen:

"On Sept. 30, 1936, there was mailed a statement of the account of Mrs. Laura S.

Bryant, former postmaster at Unsona, Ky., showing a balance due the United States in the sum of $183.69. Mrs. Bryant is also short in her fixed credit account in the amount of $1.29 making full balance due the United States of $184.98.

"Kindly forward the latter amount to the postmaster at New York, N. Y., for deposit to the credit of your principal and advise this office the date the remittance is made.

"Respectfully,

"(Signed) R. S. Tower

"Asst. Chief of Division

"EMS–Mc

"(Signed) EMS"

7. On June 15, 1936, when the services of the defendant Laura S. Bryant as postmaster were discontinued, she was indebted to the United States of America in the sum of $184.98.

### Conclusions of Law.

1. The records of the Post Office Department and the General Accounting Office introduced on behalf of the plaintiff consisting of Exhibits Numbers 1, 2, 3, 4 and 5 are competent evidence in the case and are sufficient to show prima facie that on June 15, 1936, the defendant Laura S. Bryant was indebted to the plaintiff in the sum of $184.98. United States v. Dumas, 149 U.S. 278, 13 S.Ct. 872, 37 L. Ed. 734.

2. The evidence introduced in the case on behalf of the defendant is insufficient to overcome the prima facie showing made by the evidence introduced on behalf of the plaintiff, and the plaintiff is entitled to recover from the defendant Laura S. Bryant the sum of $184.98, with interest from June 15, 1936.

3. The letter from the General Accounting Office of March 16, 1937, plaintiff's exhibit No. 4, set out in paragraph No. 8 of the Findings of Fact, constituted a settlement and closing of the account of the defendant Laura S. Bryant as postmaster within the meaning of Section 3838 of the Revised Statutes, 39 U.S.C.A. § 40, which provides: "If on the settlement of the account of any postmaster it shall appear that he is indebted to the United States, and suit therefor shall not be instituted within three years after the close of such account, the sureties on his bond shall not be liable for such indebtedness." United States v. Cash, 5 Cir., 293 F. 584, 585. Also see, Globe Indemnity Co. v. United States, 291 U.S. 476, 54 S.Ct. 499, 78 L. Ed. 924, United States v. United States F. & G. Co., D.C., 25 F.2d 500, and United States v. Geise, 2 Cir., 56 F.2d 583.

4. This action was instituted on May 28, 1940, more than three years after the closing of the account and by virtue of Section 3838, Revised Statutes, 39 U.S.C.A. § 40, the surety on the bond of the postmaster is not liable for the indebtedness herein sought to be recovered. The plea of limitation of the defendant National Surety Corporation should be sustained and this action as against it should be dismissed.

To the above Findings and Conclusions in so far as they sustain the plea of limitation in favor of the defendant National Surety Corporation and deny recovery as against it, the plaintiff United States of America is allowed an exception.