**UNITED STATES of America, Plaintiff, Appellant,**

v.

**STANDARD ACCIDENT INSURANCE COMPANY, Defendant, Appellee.**

No. 5654.

United States Court of Appeals First Circuit.

July 21, 1960.

David L. Rose, Attorney, Department of Justice, Washington, D. C., with whom George Cochran Doub, Asst. Atty. Gen., Elliot L. Richardson, U. S. Atty., Boston, Mass., and Samuel D. Slade, Attorney, Department of Justice, Washington, D. C., were on brief, for appellant.

. Joseph P. Rooney, Boston, Mass., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This case raises a very narrow issue. The sole question is whether the defendant's plea of the statute of limitations was well taken. In the district court the facts were stipulated, and both parties moved for summary judgment. The court granted the defendant's motion and the plaintiff appealed.

The defendant was a surety upon the bond of one Lt. Shaw, a disbursing officer of the United States Naval Reserve. In October 1948 a shortage was discovered in Shaw's accounts. In December he was court-martialed and found to have embezzled $5,614. Pending review, his pay and allowances were withheld. The Secretary of the Navy, in February 1950, affirmed the conviction and findings, and Shaw was dismissed from the service. Forthwith, the Bureau of Supplies and Accounts of the Department of the Navy, hereinafter called the Navy, adopted the findings of the court-martial as to the amount of the shortage, and stated the balance due the government over and above the amounts withheld. It made no calculation of interest. Apparently one purpose of the Navy's statement was to permit the forwarding of a check in the amount withheld to its Property Accounting Office in Washington. In due course further machinery of the government was called into action, and in February 1954 the General Accounting Office, hereinafter G.A.O., "restated the account," making various interest adjustments and determining the total amount due. This suit was instituted in May 1955.

The controlling statute, enacted in 1947, provides:

"§ 5. *Limitation of actions against sureties*. If, upon the statement of the account of any official of the United States, or of any officer disbursing or chargeable with public money, *by the accounting officers*, it shall thereby appear that he is indebted to the United States, and suit therefor shall not be instituted within five years after such statement of said account, the sureties on his bond shall not be liable for such indebtedness." 6 U.S.C. § 5. (Italics supplied.)

It is apparent that although suit was started within five years of the statement of the account by the G.A.O., this was more than five years after the statement made by the Navy. The defendant contends that the phrase in the statute "the accounting officers" includes the officers of the Navy, and is not limited to the G.A.O. Hence, it would apply the rule that the statute of limitations runs from the first statement of the account, and that the statutory period is not renewed by a subsequent restatement. United States v. Geise, 2 Cir., 1932, 56 F.2d 583; United States v. United States Fidelity & Guaranty Co., D.C. D.M.1928, 25 F.2d 500. While we do not question the correctness of this rule, we do not think it applicable, since we do not agree with defendant's basic contention.

It is true, as defendant points out, that the predecessor of 6 U.S.C. § 5, the Act of August 8, 1888, ch. 787, § 2, 25 Stat. 387, provided as follows:

"That if, upon the statement of the account of any official of the United States, or of any officer disbursing or chargeable with public money, *by the accounting officers of the Treasury*, it shall thereby appear that he is indebted to the United States, and suit therefor shall not be instituted within five years after such statement of said account, the sureties on his bond shall not be liable for such indebtedness." (Italics supplied.)

But in 1921 this function of the Treasury was transferred to the newly created G.A.O. by the Budget and Accounting Act, 42 Stat. 24, 31 U.S.C.A. § 44. Although the defendant says that the present statute should have specifically referred to the G.A.O. if it was not intended to embrace all groups of accounting officers of various departments of the government, we do not think that dropping the phrase "of the Treasury" after it had ceased to be accurate implied such a marked broadening. There is a presumption that codification is not intended to make changes of substantive law. United States v. Sischo, 1923, 262 U.S. 165, 168–169, 43 S.Ct. 511, 67 L.Ed. 925; Washington v. Maricopa County, Arizona, 9 Cir., 1945, 152 F.2d 556, 559, certiorari denied 1946, 327 U.S. 799, 66 S.Ct. 900, 90 L.Ed. 1024; 2 Sutherland, Statutory Construction § 3709 (3d ed. 1943). This is particularly true where, as here, the legislative history shows a positive disclaimer of any such intent. See H.Rep. No. 253, 80th Cong., 1st Sess., p. 1 (1947); S.Rep. No. 660, 80th Cong., 1st Sess., p. 14 (1947); see also 93 Cong. Rec. 5036 (1947).

Reading the statute as now comprehending subsidiary accounting officers, as suggested by the defendant, would mean a very substantial change. It would be a peculiarly broad one in view of the fact that the so-called statement of account by the Navy was not final and binding upon the government. Only the G.A.O. has authority to determine and state an account of such effect. 31 U.S.C.A. § 71.* From this alone it would seem that the statute of limitations should not commence to run until the G.A.O. had acted. Hence we find no reason, either special

---

* "All claims and demands whatever by the Government of the United States or against it, and all accounts whatever in which the Government of the United States is concerned, either as debtor or creditor, shall be settled and adjusted in the General Accounting Office."

**448**

or general, for adopting the defendant's contentions.

Judgment will enter vacating the judgment of the District Court and remanding the case with directions to grant the plaintiff's motion for summary judgment.