**UNITED STATES of America, Plaintiff,**

v.

**FIRE RING FUELS, INC., Defendant.**

**Civ. A. No. 89–38.**

United States District Court,
E.D. Kentucky,
London Division.

Jan. 10, 1992.

Bruce T. Hill, Sp. Asst. U.S. Atty., Knoxville, Tenn., for plaintiff.

Lloyd Edens, Clyde & Edens, Middlesboro, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court upon the motion of defendant, Fire Ring Fuels, Inc. (Fire Ring), for reconsideration of this court's entry of summary judgment on behalf of the United States. 788 F.Supp. 326. The United States has filed a response, to which Fire Ring has not replied. Fire Ring has requested an oral argument, but the court does not believe that an argument is warranted.

## BACKGROUND

The United States filed this action seeking recovery of coal mining reclamation fees authorized by 30 U.S.C. § 1232. This court entered summary judgment for the United States on September 24, 1991 (Docket Entry "DE" 50). The court determined that Fire Ring was an operator under the criteria set forth in *United States v. Rapoca Energy Co.*, 613 F.Supp. 1161 (W.D.Va. 1985).

Fire Ring now asks the court to reconsider this ruling and contends that it was not an operator for all of the twenty-one (21) quarters alleged by the United States. Fire Ring asserts that its position changed during the course of the mining, and while it may have been an operator toward the end of the relevant period, it was not an operator at the beginning of the mining activity.

The United States responds that Fire Ring was engaged in the removal of coal throughout the twenty-one (21) quarters and meets the statutory definition of an operator. The Court has carefully considered the arguments of each side.

## FIRE RING WAS AN OPERATOR FOR ALL QUARTERS AT ISSUE AND IS LIABLE FOR THE RECLAMATION FEES

It is undisputed that Fire Ring was responsible for the removal of all coal during the period relevant to this action. 30 U.S.C. § 1291(13) provides that " 'operator' means any person, partnership, or corporation engaged in coal mining who removes or intends to remove more than two hundred and fifty tons of coal from the earth by coal mining within twelve consecutive calendar months in any one location." Fire Ring clearly meets this definition.

However, Fire Ring argues that the application of the *Rapoca* analysis precludes a finding that a contract miner, such as Fire Ring, can also be liable for reclamation fees. Fire Ring sees *Rapoca* as a replacement for the statutory definition. This argument is based on language in *Rapoca* which holds the entity which owns the right to extract the coal liable for reclamation fees. *Rapoca,* 613 F.Supp. at 1167. However, Fire Ring misreads this portion of the opinion. It is apparent that the *Rapoca* court intended *ultimate* liability for reclamation fees to lie with the owner of the right to extract. However, this does not preclude the assessment of liability to more than one operator.

This court is in agreement with the United States Court for the Southern District of West Virginia [1] that *Rapoca* constitutes an extension of the definition of operator and not a replacement of the statutory definition. *Rapoca* does not prevent a finding that Fire Ring meets the statutory definition of operator. This is particularly true in light of Congressional intent to impose joint and several liability for reclamation fees where more than one operator is found to exist. H.R.Rep. No. 294, 101st Cong., 1st Sess., at 25 (1990).

This court is of the opinion that Fire Ring met either the statutory definition of an operator or the *Rapoca* test, or both, at all times relevant to this action. Fire Ring is liable to the United States for the reclamation fees sought, and the summary judg-ment previously entered will not be disturbed.

### CONCLUSION

The court having considered defendant's motion, and being otherwise sufficiently advised,

Accordingly,

IT IS HEREBY ORDERED:

(1) that defendant's request for an oral argument be, and is hereby DENIED; and,

(2) that defendant's motion to reconsider this court's prior order granting summary judgment to plaintiff be, and is hereby DENIED in conformity with the reasons stated herein.

---

[1] *United States of America v. Helton,* Docket No. 3:90–0008, 1991 WL 335446, July 3, 1991,

Staker, J.