**P.B. DIRTMOVERS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 93–16L.

United States Court of Federal Claims.

Feb. 25, 1994.

---

Robert P. Combs, Pikeville, KY, for plaintiff.

David W. Gehlert, Land and Natural Resources Division, U.S. Dept. of Justice, Washington, DC, with whom were Glenda H. Owens and Joan R. Goldfarb, Division of Surface Mining, U.S. Dept. of the Interior, of counsel, for defendant.

## OPINION

MARGOLIS, Judge.

This is an action to recover mine reclamation fees plaintiff alleges it erroneously paid to defendant pursuant to the Surface Mining Control and Reclamation Act ("SMCRA"), 30 U.S.C. §§ 1201–1328. This case is before the court on cross-motions for summary judgment. The plaintiff, P.B. Dirtmovers, Inc. ("Dirtmovers"), argues that it is entitled to a refund of the reclamation fees it paid defendant because Dirtmovers is a contract miner with no economic interest in the coal mined and not an operator subject to the payment of mine reclamation fees pursuant to 30 U.S.C. § 1232. The defendant United States argues that plaintiff's action is barred by the six-year statute of limitations. Defendant further argues that Dirtmovers must pay mine reclamation fees because it falls within SMCRA's definition of "operator."

After a careful review of the record and after hearing oral argument, the court grants defendant's motion for summary judgment and denies plaintiff's cross-motion for summary judgment.

## FACTS

The basic facts are uncontested. Between 1980 and 1986, plaintiff extracted coal from Surface Mine Number One (Mine # 1512530,01,S) in Pike County, Kentucky pursuant to an oral contract with Potter Mining Company. Dirtmovers received a predetermined price for each ton of coal extracted and had no economic interest in the coal mined.[1] Plaintiff paid defendant, acting through the Office of Surface Mining Reclamation and Enforcement ("OSM"), mine reclamation fees totaling $60,514.16 for the sixteen quarters of calendar years 1981 through 1984 for 172,900 tons of coal extracted from the mine. The first of these payments was

---

1. The parties agreed to assume, for purposes of these summary judgment motions only, that Dirtmovers was an independent contractor and held no economic interest in the coal.

made on April 15, 1981, and the last on April 1, 1985.

In February, 1987, plaintiff filed amended forms OSM–1 for the sixteen quarters of calendar years 1981 through 1984, requesting a refund of fees paid during those periods. On July 30, 1987, the president of Dirtmovers wrote to OSM questioning plaintiff's liability for the reclamation fees and requesting a response to the refund request. On June 11, 1990, OSM's Field Office of the Solicitor informed plaintiff's representative that plaintiff qualified as an operator and thus was responsible under the statute for paying reclamation fees. On August 20, 1990, OSM's Division of Debt Management issued a final agency letter denying plaintiff's request for a refund. On June 19, 1992, more than seven years after its final fee payment, plaintiff filed a complaint in the U.S. District Court for the Eastern District of Kentucky claiming that OSM's denial of its refund request violated SMCRA. On October 28, 1992, plaintiff's action was transferred to this court pursuant to 28 U.S.C. § 1631.

## DISCUSSION

### I. Statute of limitations

■ Claims brought against the United States in the U.S. Court of Federal Claims are barred unless they are "filed within six years after such claim first accrues." 28 U.S.C. § 2501. This statute of limitations constitutes a "jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity, and, as such, must be strictly construed." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576–77 (Fed.Cir.1988) (citing *Spannaus v. Department of Justice*, 824 F.2d 52, 55 (D.C.Cir.1987)). The six-year limitations period is a jurisdictional limitation

and is not capable of waiver or subject to estoppel. *Id.* at 1577. Plaintiff's claim " 'first accrues' when all the events have occurred which fix the alleged liability of the defendant and entitle the plaintiff to institute an action." *Id.* (citing *Japanese War Notes Claimants Ass'n v. United States*, 178 Ct.Cl. 630, 373 F.2d 356, 358, *cert. denied,* 389 U.S. 971, 88 S.Ct. 466, 19 L.Ed.2d 461 (1967)).

Defendant argues that plaintiff's claim first accrued when Dirtmovers made its reclamation fee payments to OSM. Once Dirtmovers paid the fees, all of the events necessary for plaintiff to institute a refund action occurred. Plaintiff made the last reclamation fee payment on April 1, 1985. Defendant argues that Dirtmovers' claim is barred because the lawsuit was filed more than six years after that date.

■ Plaintiff invokes the doctrine of exhaustion of administrative remedies to toll the statute of limitations and survive defendant's jurisdictional challenge.[2] The U.S. Supreme Court long has acknowledged the general rule that a plaintiff must exhaust prescribed administrative remedies before seeking relief in federal court. *See generally McCarthy v. Madigan,* —— U.S. ——, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). In this case, however, no prescribed administrative remedy existed for recovering reclamation fees erroneously paid to OSM; Dirtmovers pursued relief by corresponding with the agency. Moreover, plaintiff invokes the doctrine of exhaustion of administrative remedies to toll the statute of limitations. When the court considers the issue of tolling the statute of limitations, there is a critical distinction between mandatory and permissive administrative remedies.

If disputes are subject to mandatory administrative proceedings, then the claim does not accrue until their conclusion.

---

2. Dirtmovers cites *Reiter v. Cooper,* —— U.S. ——, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993), and *McCarthy v. Madigan,* —— U.S. ——, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), to support its contention that the doctrine of exhaustion of administrative remedies is applicable to this case. *Reiter* involved the adjudication of claims under the Interstate Commerce Act where Congress had created an administrative body to hear such claims. In our case, no administrative

body or procedure exists for reclamation fee refund claims. Moreover, the *Reiter* Court found the exhaustion doctrine inapplicable to the facts of that case. —— U.S. at ——, 113 S.Ct. at 1221. *McCarthy* is similarly unavailing; the thrust of the Court's opinion was to outline exceptions to the doctrine which allow a plaintiff to sue without exhaustion of prescribed administrative remedies. —— U.S. at ——––––, 112 S.Ct. at 1087–92.

*Crown Coat Front Co. v. United States,* 386 U.S. 503, 511, 87 S.Ct. 1177, 1181, 18 L.Ed.2d 256 (1967); *Nager [Elec. Co. v. U.S.],* 177 Ct.Cl. [234] at 242–44, 368 F.2d [847] at 853 [ (1966) ]; *Friedman v. United States,* 159 Ct.Cl. 1, 8–9, 310 F.2d at 381, 385–86 (1962), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). Pursuit of permissive administrative remedies, however, does not toll the statute of limitations. *Soriano [v. U.S.],* 352 U.S. [270] at 274–75 [77 S.Ct. 269 at 272–73, 1 L.Ed.2d 306] [ (1957) ]; *Clyde v. United States,* 80 U.S. (13 Wall.) 38 [20 L.Ed. 479] (1871); *Camacho v. United States,* 204 Ct.Cl. 248, 259, 494 F.2d 1363, 1369 (1974); *Friedman,* 159 Ct.Cl. at 11–12, 310 F.2d at 388.

*Lins v. United States,* 231 Ct.Cl. 579, 582, 688 F.2d 784 (1982), *cert. denied,* 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 995 (1983); *see also Spannaus,* 824 F.2d at 56–57.

In this case, Dirtmovers' pursuit of administrative relief was permissive. Neither the regulations implementing SMCRA nor the Interior Department's administrative review regulations specifically provide for or require the exhaustion of any procedure to recover an overpayment of reclamation fees. *See* 30 C.F.R. § 870 (1993); 43 C.F.R. § 4.1101 (1992). Rather, plaintiff pursued its request for refund by corresponding with OSM. Pursuit of such permissive administrative remedies does not affect the accrual of plaintiff's rights or toll the statute of limitations. *Spannaus,* 824 F.2d at 60; *Lins,* 231 Ct.Cl. at 582.

■ The court finds that plaintiff's claim first accrued when Dirtmovers paid the reclamation fees to OSM. Once plaintiff made the fee payments, all of the events necessary for plaintiff to institute a refund action occurred. Plaintiff filed this case on June 19, 1992, more than seven years after it made the final reclamation fee payment on April 1, 1985. The six-year statute of limitations began to run no later than April 1, 1985, and Dirtmovers' pursuit of permissive administrative remedies did not toll the accrual of plaintiff's cause of action. Plaintiff's cause of action is barred by the statute of limitations.

## II. "Operator" Under SMCRA

■ Assuming *arguendo* that plaintiff's cause of action is not barred by the statute of limitations, the court must determine whether an independent contractor who extracts coal for a mineral owner is an "operator" responsible for paying reclamation fees under 30 U.S.C. § 1232(a). SMCRA defines an operator as "any person, partnership, or corporation engaged in coal mining who removes or intends to remove more than two hundred and fifty tons of coal from the earth by coal mining within twelve consecutive calendar months in any one location." 30 U.S.C. § 1291(13). It is undisputed that Dirtmovers literally falls within this definition. Plaintiff argues, however, that it is not an operator within the meaning of section 1232(a) because it had no economic interest in the coal mined. Defendant relies on the plain language of the statute to argue that Dirtmovers is an operator and thus liable for the payment of reclamation fees.

Given the clarity of the definition contained in section 1291(13), plaintiff's burden of persuading the court that Congress intended to create a special rule for certain mining contractors who otherwise fall within the statutory definition of operator is exceptionally heavy. *Union Bank v. Wolas,* —— U.S. ——, —— 112 S.Ct. 527, 530, 116 L.Ed.2d 514 (1991). To carry that burden, Dirtmovers cites *United States v. Rapoca Energy Co.,* 613 F.Supp. 1161 (W.D.Va.1985) and *McWane Coal Co., Inc.,* 95 IBLA 1 (December 11, 1986). In *Rapoca,* the district court considered liability for reclamation fee payments as between mining contractors and the mine owner. The court concluded that "the ultimate liability should rest with the entity that owns the right to extract the coal." *Rapoca,* 613 F.Supp. at 1167. Relying on *Rapoca,* the *McWane* board found that McWane, rather than its contract miner, was the operator under section 1232(a) and liable for reclamation fees. *McWane,* 95 IBLA at 14. While *Rapoca* and *McWane* contain language which may support Dirtmovers' claim, the great weight of authority counsels against plaintiff's interpretation of the statute.

The Department of the Interior has consistently interpreted "operator" to include *both*

mining contractors and mine land owners. *United States v. Manning Coal Corp.*, 977 F.2d 117, 121 (4th Cir.1992); *see also* 46 Fed.Reg. 60780 (Dec. 11, 1981); 42 Fed.Reg. 62713 (Dec. 13, 1977). Consistent with this policy and with congressional intent,[3] the Department has declared mining contractors and landowners to be jointly and severally liable for reclamation fees. *Manning*, 977 F.2d at 121; 49 Fed.Reg. 31412 (Aug. 7, 1984) ("OSM will continue to pursue a policy of joint and several liability").

The policy of joint and several liability is consistent with the language and purpose of SMCRA. *See, e.g., Manning*, 977 F.2d at 121. Moreover, *Rapoca* constitutes an extension, not a replacement, of the statutory definition of operator. *SG Coal Co., Inc. v. Lujan*, 808 F.Supp. 1258, 1261 (W.D.Va.1992) (*Rapoca* does not preclude a finding that a contract miner meets the statutory definition of operator); *United States v. Spring Ridge Coal Co.*, 793 F.Supp. 124, 129 (N.D.W.Va. 1992) (*Rapoca* does not absolve contract miners of liability for reclamation fees); *United States v. Fire Ring Fuels, Inc.*, 788 F.Supp. 330, 331 (E.D.Ky.1992) (*Rapoca* does not preclude assessment of liability to more than one operator); *United States v. Helton*, 1991 WL 335446, at *2 (S.D.W.Va. July 3, 1991) (*Rapoca* cannot be read to circumvent the statute's plain language).

In light of the plain statutory language and the case law interpreting both SMCRA and *Rapoca*, the court finds that Dirtmovers is an operator within the meaning of section 1232(a) and is thus liable for reclamation fees under SMCRA.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted and plaintiff's cross-motion for summary judgment is denied. The clerk will dismiss plaintiff's complaint. No costs.

---

**3.** The purpose of the fund is to help correct the legacy from past coal mining and to impose the financial burden of that reclamation upon the coal industry. *See, e.g.,* H.R.Rep. No. 218, 95th Cong., 1st Sess. 136 (1977), 1977 U.S.Code Cong. & Admin.News, 593, 668.